IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RICKEY DONNELL CUMMINGS,<br>    Petitioner,<br><br>v.<br><br>LORIE DAVIS,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | §<br>§<br>§  CIVIL NO. W-18-CV-125-ADA<br>§  **DEATH PENALTY CASE**<br>§<br>§<br>§<br>§<br>§<br>§ |

**RESPONDENT DAVIS'S RESPONSE IN OPPOSITION TO
PETITIONER CUMMINGS'S MOTION TO EXCEED THE PAGE
LIMITS WITH BRIEF IN SUPPORT**

This is a federal habeas corpus proceeding initiated by Petitioner Rickey Donnell Cummings, a death-sentenced Texas inmate, pursuant to 28 U.S.C. § 2254. Cummings has filed his petition, ECF No. 31, and the Director has answered, ECF No. 42. The Court's scheduling order originally provided that each party's briefing would be limited to one hundred pages. ECF No. 6. Cummings requested, and—over the Director's opposition—was granted, an additional sixty pages. ECF No. 30. Cummings ultimately filed a petition that was 135 pages long. ECF No. 31. In light of the excess pages granted to Cummings, the Director requested and was granted a commensurate increase, submitting a 159-page brief. ECF No. 42.

Cummings now moves to exceed the page limits for his reply by thirty pages (on a fifty-page reply). ECF No. 50. For many of the same reasons that the Director gave in her opposition to Cummings's last motion to exceed, *see* ECF No. 27, the Director opposes. The Director does not construe the Court's page limits as advisory or as the Court's opening offer on pleading length. Cummings offers no good justification for exceeding these reasonable limitations again. Cummings argues that he needs the additional pages to respond to the Director's lengthy answer. But the Director's answer was overlength only because of Cummings's inability to comply with the initial page limits. Cummings's failure to comply with the opening page limits should not create a cascade by which all subsequent pleadings are lengthened.

Cummings asserts that this matter involves "extraordinary technical questions of federal habeas law." ECF No. 50 at 2. But, as explained by the Director's answer, Cummings's case is neither particularly complex nor notable, save perhaps for Cummings's disregard of exhaustion principles by raising almost entirely new claims. If Cummings had a meritorious claim for relief, the pages presently allotted are more than enough to effectively raise it to the Court. There is little chance that such a claim can only be raised in 215 total pages, but not 185. ECF No. 27–2 at 5 ("It is the court's experience that the quality of a federal habeas corpus petition, especially in the context of capital habeas litigation, is almost universally inversely proportional to its

2

length." (Order Denying Motion for Excessive Briefing at 5, *Cade v. Davis*, No. 3:17–CV–03396G (N.D. Tex. Mar. 4, 2019), ECF No. 66)).

Likewise, Cummings's idea that his reply brief is entitled to the same page limits as the parties' primary briefs (by equating the Director's answer to a dispositive motion), does not reflect the treatment of reply briefs either in the Western District, the Fifth Circuit, or the Supreme Court, where reply briefs are all shorter than the primary briefs. ECF No. 50 at 2–3; W.D. Tex. Civ. R. 7(d)(3), (e)(3), (f)(3); Fed. R. App. P. 32(a)(7)(b); Sup. Ct. R. 33.1(g). Besides, under Cummings's interpretation of the rules—whereby the Director's answer is actually a dispositive motion and Cummings's reply is actually a response—the Director should apparently be entitled to a reply brief. W.D. Tex. Civ. R. 7(f).

For the foregoing reasons, the Director asks that the Court deny Cummings's motion for an additional thirty pages. In the alternative, the Director asks that the Court reduce that number by whatever measure it deems appropriate.

                                      Respectfully submitted,

                                      KEN PAXTON
                                      Attorney General of Texas

                                      JEFFREY C. MATEER
                                      First Assistant Attorney General

                                      MARK PENLEY
                                      Deputy Attorney General
                                          for Criminal Justice

                                      EDWARD L. MARSHALL
                                      Chief, Criminal Appeals Division


                                      /s/ Stephen M. Hoffman
\*Attorney-in-charge                  \*STEPHEN M. HOFFMAN
                                      Assistant Attorney General
                                      Texas Bar No. 24048978
                                      P. O. Box 12548, Capitol Station
                                      Austin, Texas 78711
                                      Tel: (512) 936–1400
                                      Fax: (512) 320–8132
                                      Email: Stephen.Hoffman@oag.texas.gov

                                      ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do herby certify that on October 14, 2019, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following counsel of record:

Tivon Schardl, & Tim Gumkowski
Federal Public Defender
Capital Habeas Unit
919 Congress Ave., Suite 950
Austin, TX 78701
Email: Tivon_Schardl@fd.org & tim_gumkowski@fd.org

&

Lee Kovarsky
Phillips Black Project
500 West Baltimore Street, Room 436
Baltimore, MD 21201-1786
Email: lkovarsky@law.umaryland.edu

                          /s/ Stephen M. Hoffman
                          STEPHEN M. HOFFMAN
                          Assistant Attorney General