## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **RICKEY DONNELL CUMMINGS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. W-18-CV-125-ADA** |
| | § | |
| **LORIE DAVIS, Director,** | § | **\* DEATH PENALTY CASE \*** |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

### ORDER

Before the Court is Petitioner Rickey Donnell Cummings's Motion for Stay and Abeyance (ECF No. 36) of these federal habeas proceedings, as well as Respondent Lorie Davis's opposition (ECF No. 44) and Petitioner's reply (ECF No. 55) thereto. Also before the Court are Petitioner's Motion for Discovery (ECF No. 35), Respondent's opposition (ECF No. 43), and Petitioner's reply (ECF No. 54). Petitioner seeks to stay these proceedings to allow him to return to state court to present several new claims for exhaustion purposes and requests permission to conduct discovery to support several new claims raised for the first time in his petition for federal habeas corpus relief (ECF No. 31).

After carefully considering the pleadings submitted by both parties, the Court grants Petitioner's request to stay and abate these proceedings. Because Petitioner's discovery request concerns unexhausted claims that have not been presented to the state courts, however, the Court dismisses the discovery request to allow Petitioner to seek discovery in the state court first.

### I.  Background

Petitioner was convicted and sentenced to death in November 2012 for the capital murder of Keenan Hubert and Tyus Sneed. His conviction and sentence were affirmed on direct appeal,

and his state application for post-conviction relief was denied by the Texas Court of Criminal Appeals on March 28, 2018. *Cummings v. State*, No. 76,923, 2014 WL 12713256 (Tex. Crim. App. Dec. 17, 2014) (unpublished); *Ex parte Cummings*, No. 84,324-01, 2018 WL 1516614 (Tex. Crim. App. 2018) (per curiam) (unpublished).  A year later, Petitioner filed a petition for federal habeas corpus relief in this Court raising several grounds for relief that were not litigated in his prior state court proceedings.  Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), applicants are required to exhaust all claims in state court before requesting federal collateral relief. *See* 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

Following the submission of his federal habeas corpus petition, Petitioner moved this Court to stay and abate his federal habeas corpus proceedings to allow the exhaustion of his new allegations in state court.  Petitioner also asked this Court to authorize discovery to help support several of these unexhausted claims.  Specifically, Petitioner requests the following:

(1)     an order for the production of five grand jury transcripts and authorization to depose eight grand jury witnesses (to help support Claim 1 of his petition);

(2)     permission to issue three subpoenas for school records, authorization to depose an additional four witnesses, and an order requiring the McLennan County District Attorney to produce notes related to their investigation for in camera inspection (Claim 4);

(3)     authorization to subpoena trial counsel's privileged legal files for another client (Claim 8); and

(4)     authorization to subpoena the prosecution's notes concerning jury selection (Claim 9).

Petitioner requests that his expansive discovery request be granted prior to his motion to stay to allow him "to gather as much evidence as possible *before* presenting the factual basis of his claims in any state court proceedings."  Respondent opposes both the motion to stay and the discovery request, arguing, in part, that the underlying claims relevant to both motions are unexhausted and procedurally barred from federal habeas relief.

## II.      The Motion to Stay

When a habeas applicant fails to exhaust his claims in state court, the federal district court has the authority to issue a stay in certain "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stay and abeyance should be granted when a petitioner shows: (1) "good cause" exists for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless;" and (3) there is no indication that the applicant has engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78.

The Court concludes Petitioner has met the *Rhines* requirements and that a stay of this case is warranted so that Petitioner may litigate any issue needing exhaustion before returning to federal court. Indeed, given the principles of comity underlying the AEDPA as well as the fact-intensive nature of the claims now raised by Petitioner, the Court believes the state habeas court should have the first opportunity to address the merits of (or dismiss under an adequate state procedural rule) the new allegations raised by Petitioner in his federal habeas corpus petition. Thus, out of an abundance of caution, this Court will permit Petitioner to return to state court and exhaust available state habeas remedies on any and all currently unexhausted claims Petitioner wishes this Court to entertain in this cause. *See Day v. McDonough*, 547 U.S. 198, 210 n.10 (2006) (holding that, under *Rhines*, "a district court has discretion to stay a mixed petition . . . to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition.").

## III.      The Discovery Motion

It is well-settled that "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); s*ee also Reed v. Quarterman*, 504 F.3d 465, 471 (5th Cir. 2007). Under Rule 6(a) of the

Rules Governing Section 2254 Proceedings, a party may conduct discovery only if the judge, in the exercise of his discretion and for good cause shown, grants leave to do so.  However, both Supreme Court and circuit precedent have linked the showing of "good cause" under Rule 6(a) to an inmate's ability to establish entitlement to federal habeas relief.  Before a federal court may authorize discovery, the court must first conclude that the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy*, 520 U.S. at 908-09 (internal quotation marks omitted); *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) ("Good cause may be found when a petition for a writ of habeas corpus establishes a *prima facie* claim for relief.").

Petitioner has not made this showing.  Petitioner admittedly seeks discovery to help develop and support allegations (Claims 1, 4, 8, and 9) that were not raised and adjudicated during his previous state court proceedings.  This failure to exhaust in the state court renders those claims procedurally barred from federal habeas review.  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  As a result, Petitioner cannot show good cause for discovery—i.e., an ability to establish entitlement to federal habeas relief—because procedural impediments preclude this Court from considering the merits of those unexhausted claims.  *See Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009); *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004); *Campbell v. Dretke*, 117 F. App'x 946, 959 (5th Cir. 2004) (unpublished); *Royal v. Taylor,* 188 F.3d 239, 249 (4th Cir. 1999).

In his reply, Petitioner contends discovery should be granted to allow him to develop evidence that would support an excuse for the procedural default.  (ECF No. 54 at 3).  Indeed, a procedural default may be overcome with a showing of cause for the default and actual prejudice arising from the default, or with a demonstration that the failure to consider the claim will result

in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.  Yet, Petitioner has provided no support for his assertion that discovery is available to make such a showing.  *See Segundo v. Davis*, 831 F.3d 345, 351 (5th Cir. 2016) (finding no affirmative right to additional fact-finding to establish cause and prejudice under the equitable exception created in *Martinez v. Ryan*, 566 U.S. 1 (2012)).  Moreover, the procedural default of Petitioner's claims is currently based on Petitioner's failure to exhaust the claims in state court, something the stay and abeyance of these proceedings will potentially remedy.  Thus, discovery at this point is unnecessary.

Similarly unpersuasive is Petitioner's assertion that discovery should be granted to assist in developing the factual record that will eventually be presented to the state court upon his return.  Under the exhaustion doctrine, a state prisoner must fairly present his claims to the state courts prior to seeking federal habeas relief.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  According to Petitioner, he is attempting to gather as much evidence as possible in federal court before presenting his claims to the state court in order to ensure (1) the state court has the best opportunity to consider well-developed facts, and (2) no relevant evidence will be excluded from this Court's later review under the AEDPA.  (ECF No. 35).  But such a request, if granted, would essentially invert the habeas process by allowing petitioners to develop their claims in federal court before presenting the claims to the state court.[1]  Because Petitioner's case is being stayed so that he may return to state court to exhaust his new claims, the more appropriate venue for a discovery request at this time is in state court.  If necessary, Petitioner may refile his discovery motion following the adjudication of his subsequent state habeas corpus application.

---

[1]      Furthermore, Petitioner's argument effectively places the cart before the horse by asking this Court to allow factual development to help establish a *prima facie* claim for relief instead of allowing factual development once a *prima facie* claim has been established.  However, a petitioner must be able to establish potential entitlement to federal habeas relief *before* a federal court may authorize discovery.  *Bracy*, 520 U.S. at 908-09; *Murphy*, 205 F.3d at 814 (finding "good cause" may be found after a petition for a writ of habeas corpus establishes a *prima facie* claim for relief.).  Again, Petitioner does not make this showing.

## IV.  Conclusion

Given the principles of comity underlying the AEDPA, the Court believes the state habeas court should have the first opportunity to address any of the unexhausted allegations raised by Petitioner in his petition for federal habeas corpus relief.  Thus, out of an abundance of caution, the Court concludes a stay of this case is warranted so that Petitioner may return to state court to litigate these allegations.  On the other hand, Petitioner has not demonstrated "good cause" to grant his lengthy discovery request.  Petitioner is encouraged to raise his request upon his return to state court.

Accordingly, it is hereby **ORDERED** that:

1.      Petitioner's Motion for Stay and Abeyance, filed June 14, 2019 (ECF No. 36), is **GRANTED**, and all proceedings in this cause are **STAYED** and this cause is held in **ABEYANCE** pending further Order from this Court.  The instant proceedings are hereby administratively **CLOSED**.

2.      On or before **30 days** from the date of this Order, Petitioner's federal habeas counsel shall file a subsequent state habeas corpus application in the appropriate state court setting forth all currently unexhausted claims for relief Petitioner wishes to exhaust, including all factual theories and legal arguments supporting the same.  If Petitioner fails to file a state habeas application within 30 days, either party may move to lift the stay.

3.      Every **60 days** thereafter, Petitioner's federal habeas counsel shall file an advisory informing this Court of the status of Petitioner's subsequent state habeas corpus application. Counsel shall also notify this Court immediately when the Texas Court of Criminal Appeals finally adjudicates Petitioner's subsequent state habeas corpus application.

4.      Within **30 days** after the Texas Court of Criminal Appeals disposes of Petitioner's

state habeas corpus application, Petitioner shall file either (a) an amended federal petition setting

forth all of the claims (and their factual and legal bases) Petitioner wishes this Court to consider

in this cause, or (b) an advisory stating Petitioner wishes to proceed with only those claims and

evidence raised in Petitioner's first federal habeas petition, filed March 26, 2019 (ECF No. 31).

5.      Finally, Petitioner's Motion for Discovery (ECF No. 35) is **DISMISSED**

**WITHOUT PREJUDICE**.

**SIGNED this the 16th day of January, 2020.**

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**