UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **RICKEY DONNELL CUMMINGS,** § | | |
| § | | |
| **Petitioner,** § | | |
| § | | |
| v. § | **CIVIL NO. W-18-CV-125-ADA** | |
| § | | |
| **BOBBY LUMPKIN, Director,** § | * **DEATH PENALTY CASE** * | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| **Respondent.** § | | |

## ORDER

Before the Court is Petitioner Rickey Donnell Cummings's Motion for Evidentiary Hearing (ECF No. 95), as well as Respondent Bobby Lumpkin's opposition (ECF No. 96) and Petitioner's reply (ECF No. 98) thereto. Petitioner requests an evidentiary hearing to support several allegations raised in his amended petition for federal habeas corpus relief (ECF No. 73). After carefully considering the pleadings submitted by both parties, the record, and the governing legal authorities, Petitioner's motion is denied.

### I. Background

Following a stay of these federal habeas corpus proceedings to allow Petitioner a chance to exhaust new allegations in state court, Petitioner returned to federal court and filed an amended petition for a writ of habeas corpus raising a total of ten claims for relief (not including subparts).[1] (ECF No. 73). Respondent filed an answer to this amended petition and Petitioner

---

[1] Specifically, Petitioner alleged: (1) the prosecution abused the grand jury system, (2) the prosecution elicited false testimony from Detective James Owens, (3) the prosecution committed misconduct by attributing text messages written by someone else to the Petitioner, (4) the prosecution suppressed material information favorable to the defense, (5) trial counsel failed to move to suppress phone records, (6) trial counsel failed to investigate and present a defense based on alternative suspects, (7) trial counsel failed to investigate or contest evidence of Petitioner's gang membership, (8) the defense team operated under a conflict of interest, (9) trial counsel failed to raise a *Batson* objection, and (10) the trial court erroneously excluded relevant evidence at punishment.

replied. (ECF Nos. 79, 82). Shortly thereafter, Petitioner requested authorization to conduct discovery to support several of the claims raised in his amended petition.[2] (ECF No. 83). For a number of reasons, the Court found that Petitioner failed to establish good cause for granting his expansive discovery request and denied the motion. (ECF No. 91).

Petitioner now asks this Court to hold an evidentiary hearing to help develop evidence that would support the first eight allegations raised in his amended petition. According to Petitioner, the statute governing entitlement to an evidentiary hearing—28 U.S.C. § 2254(e)(2)—does not prohibit a hearing in this case because he did not "fail to develop" the claims in state court as required under the statute. Petitioner also argues that § 2254(e)(2) does not bar a court from taking evidence on non-merits issues such as factual innocence.

Respondent opposes Petitioner's request for the same reasons that he opposed Petitioner's broad discovery request—the Court's consideration of new evidence is restricted by § 2254(e)(2) and Supreme Court precedent. Respondent also contends that a hearing is unnecessary because Petitioner's underlying claims are procedurally barred and/or meritless.

## II. Analysis

Under the AEDPA, the proper place for development of the facts supporting a claim is the state court. *See Hernandez v. Johnson*, 108 F.3d 554, 558 n.4 (5th Cir. 1997) (holding the AEDPA clearly places the burden on a petitioner to raise and litigate as fully as possible his federal claims in state court). For this reason, factual development of claims adjudicated on the merits in state court is effectively precluded in federal court. *Cullen v. Pinholster*, 563 U.S. 170,

---

[2] Among other things, Petitioner requested the production of five grand jury transcripts, authorization to depose eight grand jury witnesses, permission to subpoena the Waco Police Department and the McLennan County District Attorney for records, permission to issue subpoenas for school records and visitation logs for witness Micha'el Atkins, permission to depose an additional four witnesses, authorization to subpoena trial counsel's privileged legal files for another client, and authorization to subpoena the prosecution's notes concerning jury selection.

181-82 (2011) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."); *Woodfox v. Cain*, 772 F.3d 358, 368 (5th Cir. 2014) (same).

For claims that were not adjudicated on the merits in state court, the district court's discretion to hold an evidentiary hearing is restricted by § 2254(e)(2). *Pinholster*, 563 U.S. at 185-86. Under § 2254(e)(2), if an applicant fails "to develop the factual basis of a claim" in state court, a federal court may not hold an evidentiary hearing or otherwise expand the state-court record unless § 2254(e)(2)'s "stringent requirements" are satisfied. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1735 (2022). These "stringent requirements" provide that an applicant must establish one of two limited scenarios—either the claim relies on (1) a new, retroactive rule of constitutional law, or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. *Id*. at 1734; 28 U.S.C. § 2254(e)(2)(A). If either of these exceptions is met, the applicant must then show that further factfinding would demonstrate actual innocence of the crime by "clear and convincing evidence." *Id*.; 28 U.S.C. § 2254(e)(2)(B).

Petitioner seeks an evidentiary hearing to develop eight of the ten allegations raised in his amended petition for federal habeas corpus relief. Seven of these allegations were raised for the first time in Petitioner's subsequent state habeas application which was dismissed by the Texas Court of Criminal Appeals as an abuse of the writ without a merits determination. *Ex parte Cummings*, No. 84,324-04, 2021 WL 1206447 (Tex. Crim. App. 2021); (ECF No. 71-2). For this reason, Petitioner provides several arguments for why § 2254(e)(2) should not preclude an evidentiary hearing.[3] In response, Respondent contends that § 2254(e)(2), *Pinholster*, and *Ramirez* all preclude an evidentiary hearing.

---

3   These arguments include: (1) he did not "fail to develop" his claims in state court because they were presented in his subsequent state habeas application. (2) he did not "fail to develop" his first five claims because

3

While the Court is skeptical that Petitioner can overcome § 2254(e)(2)'s restrictions with the arguments provided, such an evaluation is unnecessary at this time because "a federal habeas court still is not *required* to hold a hearing or take any evidence," even if the requirements of § 2254(e)(2) are satisfied. *Ramirez*, 142 S. Ct. at 1734. Instead, the decision to grant such a hearing still "rests in the discretion of the district court." *Richards v. Quarterman*, 566 F.3d 553, 562 (5th Cir. 2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007)). In making this determination, courts must consider whether an evidentiary hearing could "enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Richards*, 566 F.3d at 563 (*quoting Schriro*, 550 U.S. at 474); *Blue v. Thaler*, 665 F.3d 647, 655 (5th Cir. 2011). A district court may also deny a hearing when there are sufficient facts before it to make an informed decision on the merits. *Segundo v. Davis*, 831 F.3d 345, 351 (5th Cir. 2016) (citing *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998)).

In this case, the record before the Court, including that state court record of Petitioner's appellate and state habeas proceedings, as well as the pleadings and exhibits submitted by both parties, is extensive. Petitioner alone has submitted approximately 230 pages of briefing on the issues supported by 86 exhibits (totaling over 1,000 pages). (ECF Nos. 73, 75, and 82). In response, Respondent has provided 160 pages of briefing on the issues. (ECF No. 79). Consequently, an evidentiary hearing is unwarranted, as the record is more than sufficient for the Court to determine the issues before it.

---

they are based on evidence withheld by the State, (3) the factual predicate of these five claims could not have been previously discovered through the exercise of due diligence, and (4) § 2254(e)(2) does not bar a court from taking evidence on non-merits issues such as factual innocence.

### III. Conclusion

To determine whether to grant an evidentiary hearing under Rule 8(a) of the Rules Governing Section 2254 Proceedings, the Court must "review the answer [and] any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted." *Richards*, 566 F.3d at 562-63 (*quoting Hall v. Quarterman,* 534 F.3d 365, 368 (5th Cir. 2008)).  The Court's decision must also be informed "by principles of comity and finality that govern every federal habeas case." *Ramirez*, 142 S. Ct. at 1734.

After reviewing the available pleadings and record, the Court concludes that an evidentiary hearing is unwarranted in the instant proceeding.

Accordingly, it is hereby **ORDERED** that the Motion for Evidentiary Hearing filed by Petitioner on March 28, 2023 (ECF No. 95) is **DENIED**.

**SIGNED this the 5th day of September, 2023.**

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

5